# Re Road in Drumore Township.

In the absence of the record in road proceedings showing to the contrary, the presumption is that, whenever practicable, the road was laid at a proper grade.

Viewers were entertained by a petitioner for a public road. There was no rule of court prohibiting it. The court found that it was done under circumstances evincing no sinister purpose or effort to unduly influence the viewers. It was held that the proceedings would not be set aside.

(Decided May 31, 1886.)

Certiorari to the Quarter Sessions of Lancaster County to re-

Cited in Re Road, 10 Lanc. L. Rev. 340.

NOTE.—Ordinarily road proceedings have been set aside where entertainment was furnished to the viewers. Re Blakely Road, 8 Pa. Co. Ct. 592; Re Road 4 Kulp, 67; Re Magnolia Street, 8 Phila. 468; Re Road, 2 Kulp, 179. But other courts have reached the same conclusion as in RE ROAD. Re Road, 6 Kulp, 469; Re Road, 5 Del. Co. Rep. 85. But the entertainment must always be furnished prior to the announcement of the conclusion of the viewers. Re Sadsbury Road, 9 Pa. Co. Ct. 521; Re Road, 5 Del. Co. Rep. 85.

The court may make a rule forbidding entertainment. In such case a violation is ground for setting aside the proceedings. Re Road, 1 Pa. Co. Ct. 7; Re Londonderry Twp. Road, 6 Pa. Co. Ct. 391.

view the action of the court in dismissing exceptions to the report of viewers laying out a public road.    Affirmed.

The facts are stated in the opinion of the court below by LIV-INGSTON, P. J.:

"On August 17, 1885, a petition was presented and filed, praying this court to appoint viewers to view and vacate part of a public road in Drumore township, at Mechanics Grove, Lancaster county, and to lay out another road in lieu thereof.    On August 20, 1885, viewers were appointed, to whom an order was issued.    On November 16, 1885, the report of the viewers was presented to and confirmed nisi by the court.    In this report the viewers state that, in pursuance of the order, they met at the time and place designated in the notice annexed, and, after being respectively sworn or affirmed to perform the duties of their appointment impartially and according to the best of their judgment, they all viewed the ground, etc., and agreed that part of said road had become useless, etc., and say: 'We do, therefore, vacate the same, and do lay out in lieu thereof for public use the new road,' and returned the same in accordance with the courses and distances therein given; and the plot or draft thereof, made part of the report, having had respect to the best ground for a road, the shortest distance, and in such manner as to do the least injury to private property, and as agreeably to the desire of the petitioners as may be; that they endeavored to procure releases from all the landowners, etc., but failed to procure releases of damages from C. H. Hilton and Joseph Retzer.    To Hilton they awarded no damage, he being benefited, and to Joseph Retzer they awarded $30, etc.

"The following exceptions were filed, among others:

" '1. The report of viewers does not set forth that said road laid out does not at any point or points exceed an elevation of 5 degrees, or that by moderate filling and bridging the declination of the road may be preserved within that limit at the crossing of ravines and streams, as set forth in the act of assembly.

" '2. The said viewers were entertained on the day of the view, September 29, 1885, by Jacob M. Swarr, one of the pe-

titioners, at his residence near the road laid out by the viewers.'

"The act of assembly requires that, in their report, the viewers shall state particularly: (1) Who of them were present at the view; (2) whether they were severally sworn or affirmed; (3) whether the road desired be necessary for a public or a private road. They shall also annex and return to the court a plot or draft thereof, stating the courses and distances, and noting briefly the improvements through which it may pass. The law further requires them, whenever practicable, to lay out the said roads at an elevation not exceeding 5 degrees (except at the crossing of ravines and streams), where by moderate filling and bridging the declination of the road may be preserved within that limit. But the fact that they do not state in their report that they have done so is not sufficient cause for setting aside their report. *Re* Schuylkill Falls' Road, 2 Binn. 250; *Re* Spears' Road, 4 Binn. 174; *Re* Road, 13 Serg. & R. 25; *Re* Road, 9 Pa. 70; *Re* Hess's Mill Road, 21 Pa. 220.

"The supreme court has said that the presumption is that the requirements of the statutes have been complied with by the viewers; and therefore it is not necessary specially so to state in the report, unless specially required by the act regulating the subject.

"If viewers have disregarded the provisions of the law relating to elevation, exceptions may be filed, and the exceptant may show by proof that the elevation of the road laid out exceeds 5 degrees, and that it was practicable to lay out a road between the points at an elevation not exceeding 5 degrees.

"Exception 1 does not allege that the viewers have laid out this road at any elevation exceeding 5 degrees; the only complaint is that the viewers do not set forth the elevation in their report. This, as we have seen, is not a sufficient reason for setting aside the report; the first exception, therefore, is not sustained.

"In *Re* Road, in 5 Lanc. Bar, 162 (March 7, 1884), this court held that 'partaking by viewers of a meal, given by a party interested in the road, without other circumstances evincing a sinister purpose, or effort to unduly influence the viewers, is not

sufficient to impeach their report and set it aside.' To the same effect was the decision of the supreme court in *Re* Road, 5 Rawle, 150.

"The evidence presented with reference to the second exception does not show any circumstances evincing a sinister purpose, or any effort to unduly influence the viewers; and therefore under the above decisions said exception is not sustained. *Re* Durnall's Road, 32 Pa. 383; *Re* Road, 34 Pa. 413; 7 Lanc. Bar, 146; *Re* Road, 2 Pittsb. 184."

The report stated that "at no place does the road as laid out exceed an elevation of — degrees."

The exceptions were dismissed and the report confirmed. Joseph Retzer, the exceptant, took this writ, assigning for error the action of the court in not sustaining the above exceptions.

*Benjamin F. Davis,* for appellant.—The viewers undertook to report on the elevation, but left it blank. The presumption is they omitted the degrees because they exceeded the legal limit.

The report should have been set aside because of the entertainment of the viewers. *Re* Magnolia Street, 8 Phila. 468.

As another reason it may be urged that in Lancaster county the payment of costs on the part of petitioners for a view depends upon their success. Act 1867 (P. L. 338, § 1).

In *Re* Road, 1 Pa. Co. Ct. 7, the only interest that appeared was liability for costs.

*Re* Road, 5 Rawle, 150, and *Re* Road, 5 Lanc. Bar, 162, were reviews, and this distinguishes these cases.

*Simon P. Ely,* for defendant in error.—It is the practice in Lancaster county to furnish printed returns with blanks. It was in this way that the blank in this case occurred.

The viewers are not required by act of assembly to report the elevation of the road, and all the presumptions are in favor of the legality of the proceedings. Act of June 13, 1836, § 3; *Re* Road, 9 Pa. 70; *Re* Spear's Road, 4 Binn. 174; *Re* Road, 13 Serg. & R. 25.

On the question of entertainment of viewers, the case is ruled by *Re* Road, 5 Rawle, 150.

It was suggested in that case that "an abuse might give room for an interference." But the court held in this case that there were no improper motives. The findings of the court will not be reversed on certiorari. *Re* Germantown Ave. 99 Pa. 479.

There were rules of court expressly forbidding the entertainment of viewers, in *Re* Magnolia Street, 8 Phila. 468, and *Re* Road, 1 Pa. Co. Ct. 7. There is no such rule in Lancaster county, and these cases do not apply.

A jury of view acts for the public, and not between individuals; and their action is in a great measure merely advisory, subject to the approval or disapproval of the court. It is not, therefore, analogous to the case of a jury appointed to assess damages, where a stricter rule prevails.

PER CURIAM:

Both the assignments of error are to questions of fact. On certiorari we cannot look at the depositions. They are no part of the record. We adopt the facts found by the court as correct.

The act of assembly specifies what the viewers shall state in their report, but does not mention the elevation of the road as one of those things. In the absence of the record showing to the contrary, it will be presumed that "whenever practicable" the road was laid at a proper grade. In the absence of any rule of court prohibiting the viewers from being entertained, and upon the finding of the court that it was done under circumstances evincing no sinister purpose or effort to unduly influence the viewers, the second specification cannot be sustained. When viewers are required to go a considerable distance in the country, a necessity for refreshments may exist that would not in a city.

Judgment affirmed.